IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,486-01






EX PARTE DONNY SANDERS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR-25023-A IN THE 159TH JUDICIAL DISTRICT COURT


FROM ANGELINA COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to one count of
aggravated sexual assault of a child, and one count of indecency with a child by contact, and was
sentenced to fifteen years' imprisonment. He did not appeal his conviction. 

 Applicant contends, inter alia, that his plea was involuntary because the prosecutor
improperly threatened to prosecute Applicant's wife for tampering with evidence if Applicant did
not plead guilty. The record does not contain copies of the plea documents, the admonishments, or
a response from the State. Applicant has alleged facts that, if true, might entitle him to relief. In
these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with copies of the plea documents,
including the admonishments, and any waivers and judicial confession signed by Applicant. The
trial court shall then make findings of fact and conclusions of law in regard to Applicant's claim that
his plea was involuntary. The trial court shall also make any other findings of fact and conclusions
of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas
corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: September 10, 2008

Do not publish